# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 50301 | **DATE** | 1/7/2011 |
| **CASE TITLE** | U.S.A. vs. Victor Dean | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court denies the motion for leave to file a § 2255 motion and the § 2255 motion, and dismisses this cause in its entirety.

*Philip G. Reinhard*

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT - OPINION

Victor Dean, a federal prisoner, filed both a motion for leave to file a motion pursuant to 28 U.S.C. § 2255 and a motion under § 2255, challenging his sentence to the extent it was based on a prior Illinois conviction for involuntary manslaughter. The court denies both motions without further briefing as the motion and the record in this case conclusively show that Dean is entitled to no relief. See 28 U.S.C. § 2255(b); see also Rule 5(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Section 2255(f) provides that a motion must be filed within one year and that the one-year period "shall run from the latest of" several dates, one of which is "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3).

Here, Dean's direct appeal was concluded on January 9, 2009. He did not seek a writ of certiorari in the Supreme Court and, therefore, his judgment of conviction became final 90 days later on April 9, 2009. Thus, he had one year from this latter date in which to file his § 2255 motion. Recognizing that his motion is untimely under § 2255(f)(1), Dean relies on § 2255(f)(3), arguing that the law pertaining to what constitutes a crime of violence was changed after his judgment of conviction and sentence and that the change has been made retroactive on collateral review.

While the court agrees that the change in the law relied on by Dean has been made retroactive, see Welch v. United States, 604 F. 3d 408 (7th Cir. 2010), Dean cannot avail himself of that retroactivity because § 2255(f)(3) expressly provides that he had one year from the date on which the new law was "initially" recognized. The law that Dean wishes to rely on was initially recognized in Chambers v. United States, 555 U.S. 12 (Jan. 13, 2009), and Begay v. United States, 553 U.S. 137 (April 16, 2008), both of which were decided over one year prior to Dean filing his § 2255 motion. Therefore, his reliance on § 2255(f)(3) is misplaced and his motion is not timely. See United States v. Nelson, 2010 WL 4806976 (W.D. Wisc. Nov. 22, 2010).

## STATEMENT - OPINION

    Further, even if Dean's motion was timely, he would not be entitled to any relief under <u>Begay</u> and <u>Chambers</u> and their progeny as the retroactivity recognized in <u>Welch</u> does not extend to alleged deviations purely under the Sentencing Guidelines as opposed to under a statute such as the Armed Career Criminal Act. See <u>Nelson</u>, at *4 (citing <u>Welch</u>, 604 F. 3d at 411-12). Further, to the extent that Dean seeks relief under § 2241, such a claim also fails as he cannot show that he lacked a reasonable chance to obtain judicial correction of his sentence or that any error in his sentence was fundamental. See <u>Nelson</u>, at * 5. Nor can Dean rely on the "actual innocence" exception as he cannot show that his sentence was imposed as a punishment that the law cannot impose upon him. See <u>Nelson</u>, at * 5 (citing <u>Welch</u>, 604 F. 3d at 413).

    For the foregoing reasons, the court denies both the motion for leave to file a § 2255 motion and the § 2255 motion itself and dismisses this cause in its entirety.